IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EYAD ELRAMLY,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| **TRANS UNION, LLC, et al.** | : | |
| Defendants. | : | NO. 22-cv-00028 |

**MEMORANDUM**

**Kenney, J.**                                                                 **March 22, 2022**

Plaintiff Eyad Elramly claims Defendants Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, and Bank of America, N.A. ("BANA") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") by "repeatedly report[ing] derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties." ECF No. 1 ¶¶ 1, 9. Presently before the Court is Defendant BANA's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). ECF No. 19.

I.      **BACKGROUND**

In the Complaint filed January 5, 2022, Plaintiff alleges that "[t]he inaccurate information" reported to third parties by Defendants "includes but is not limited to a trade line reported by Defendants having to do with Plaintiff's account with BANA," and that "[t]he information is not accurate because Defendants have been reporting Plaintiff's account with BANA has been 'Charged off' even though Plaintiff has been making consistent and timely monthly payments." ECF No. 1 ¶ 10. Plaintiff further alleges that "[t]he inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by the Credit Reporting

Defendants [and that] Plaintiff disputed the inaccurate information with the Defendants, and Defendants have refused to accurately report the BANA tradeline." *Id.*  Plaintiff also states that "Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading," that "Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of inaccurate information," and that "Defendants knew or should have known that their actions violated the FCRA."  *Id.* ¶¶ 13–15.

## II. LEGAL STANDARD

When deciding a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 230 (3d Cir. 2008) (citation omitted). A complaint is dismissed if it does not contain enough factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plausibility requires "more than a sheer possibility" that the defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this Circuit, courts carry out a three-step inquiry when evaluating a complaint: (1) take note of the elements the plaintiff must plead to state a claim, (2) disregard conclusory assertions, and (3) determine whether the well-pleaded factual allegations give rise to a plausible entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Courts "draw on [their] judicial experience and common sense" to evaluate whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The purpose of the FCRA is to "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To state a claim under the FCRA as to the furnisher of the alleged inaccurate information (such as Defendant BANA in the present matter) a Plaintiff must plead "(1) that he notified a [consumer reporting agency] of the dispute under § 1681i, (2) that the [consumer reporting agency] notified the party who furnished the information…and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Horsch v. Wells Farfo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015) (internal citations omitted); 15 U.S.C. §§ 1681s-2(b), 1681n, and 1681o.

In this case, Plaintiff's claim fails for several reasons. First, Plaintiff has failed to provide any identifying information as to the alleged BANA account at the center of its allegations, leaving Defendant BANA without sufficient notice to formulate a defense, as is required to comply with Federal Rule of Civil Procedure 8(a). *See e.g., Pressley v. Capital One*, 415 F. Supp. 3d 509 (E.D. Pa. 2019) (holding that a complaint did not state a claim under the FCRA where the plaintiff failed to identify the account at issue).

Additionally, rather than allege any specific facts related to several of the essential elements of his cause of action, Plaintiff has merely recited broad conclusory statements as to these elements that fall beneath the necessary pleading standard. *James v. City of Wilkes Barre, et al.*, 700 F.3d 675, 679 (3d. Cir. 2012) ("At the motion to dismiss stage, we accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."); *see also Pressley*, 415 F. Supp. 3d at 513–14 (holding that "merely repeat[ing] the language of the relevant statute [the FCRA]" was insufficient to establish a factual basis for relief at the motion to dismiss stage"). Specifically, the

Complaint is devoid of any allegations as to when the alleged inaccurate reporting occurred, when he reported it to the Credit Reporting Agencies, whether the Credit Reporting Agencies reported it to BANA, what investigation was done, and when and why he was denied credit opportunities. *See generally* ECF No. 1.

### IV.     CONCLUSION

Accordingly, and for the reasons stated above, the Court will grant Defendant BANA's Motion (ECF No. 19) and dismiss the Complaint (ECF No. 1) as to Defendant BANA, however, Plaintiff Elramly will be granted leave to amend the Complaint to cure the defects identified herein **by 12:00 p.m. on or before April 6, 2022**, given the fact that the arbitration in this matter is set to be scheduled on or before July 12, 2022. If Plaintiff Elramly does not file an Amended Complaint by the April 6, 2022 deadline, dismissal will be entered with prejudice.

An appropriate Order accompanies this Memorandum.

BY THE COURT:

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**